UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHEYENNE WRIGHT, | ) |
| | ) |
|               **Plaintiff,** | ) |
| v. | )   No.: 20-cv-2249-JBM |
| | ) |
| ROB JEFFREYS, et al., | ) |
| | ) |
|               **Defendants.** | ) |

**MERIT REVIEW ORDER**

Plaintiff, currently in the custody of the Macon County Jail ("Jail"), proceeds *pro se*, under 42 U.S.C. § 1983 alleging violations of the Eighth and Fourteenth Amendments. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff pleads that he has been held in the Jail from September 27, 2019 through the date of filing of the complaint. It appears that during this time, Plaintiff was adjudicated guilty of unidentified charges as he has been sentenced, but not yet transferred to the custody of the Illinois Department of Corrections ("IDOC"). Plaintiff claims that the failure to transfer him violates his Fourteenth Amendment rights to Due Process and Equal Protection, as it prevents

him participating in recreation and education opportunities and earning good conduct credit. Plaintiff also makes an Eighth Amendment claim alleging unconstitutional conditions of confinement. Plaintiff claims only that he must sleep on a hard floor and eat "uncooked foods," not otherwise described.

## ANALYSIS

As Plaintiff has been found guilty and sentenced, he has the status of prisoner rather than detainee, so his conditions of confinement claim is reviewed under the Eighth Amendment. *See Most v. Watson*, No. 20- 493, 2020 WL 3544985, at *1 (S.D. Ill. June 30, 2020)(an inmate held in county jail loses his status as a detainee once sentenced to IDOC). However, to establish an Eighth Amendment conditions of confinement claim, the adverse conditions must be "unquestioned and serious" and contrary to "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). *See Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988)(ten days in a segregation unit without toilet paper, toothbrush or toothpaste in a "filthy, roach-infested cell" did not constitute cruel and unusual punishment). Here, Plaintiff has not pled enough facts to support such a claim and, further, has not alleged that the conditions have caused him injury. *See Thomas v. Illinois*, 697 F.3d 612, 614 (7th Cir. 2012) (in a § 1983 claim for money damages Plaintiff must allege injury).

The Court notes, further, that Plaintiff has names Rob Jeffreys, the IDOC Director, Illinois Governor JB Pritzker and Macon County Sheriff Antonio Brown but does not claim that any were aware of the alleged conditions. Individuals will not be liable under § 1983 merely for their supervisory roles over others. *Pacelli v. DeVito*, 972 F.2d 871, 878 (7th Cir. 1992) (the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42

USC §1983). Section 1983 liability is predicated on fault, so to be liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir.2001) (quoting *Chavez v. Ill. State Police,* 251 F.3d 612, 651 (7th Cir.2001)). A prison official does not become liable for inhumane conditions of confinement "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Here, Plaintiff fails to plead that any Defendant had notice of the alleged conditions. Plaintiff will be given an opportunity, however, to replead this claim, consistent with the Court's instruction.

As to Plaintiff's allegations of due process violations, it is clear that prison officials may not deprive an inmate of liberty or property without due process of law. *Piggie v. McBride*, 177 F.3d 922, 924 (7th Cir. 2002). A prisoner's liberty interests are at issue where he has suffered "atypical and significant hardship in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). If such a liberty interest is identified, then constitutional due process must be provided before those interests can be constrained. *Wilson v. Hardy,* No. 11-743, 2011 WL 976558, at *3 (N.D. Ill. Mar. 14, 2011). Here, Plaintiff asserts that failure to transfer him to an IDOC facility has deprived of certain recreational and education opportunities and has deprived him of the opportunity to earn good conduct credit. A prisoner, however, does not have a cognizable liberty interest in prison educational programs. *See Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000), "[i[n *Higgason v. Farley,* 83 F.3d 807, 809 (7th Cir.1996), we held that the denial of access to educational programs does not infringe on a protected liberty interest."

*See also, Pacheco v. Lappin*, 167 Fed.Appx. 562 (7th Cir. 2006) (access to a prison program is not a liberty interest subject to due process protection).

Similarly, a prisoner does not have a protected interest in earning good time credit. *Zimmerman*, 226 F.3d at 572 (conclusory allegation that plaintiff "would" have received good-time credit was insufficient to state a due process claim). Plaintiff's claim as to diminished recreational opportunities also fail to state a claim. *See Most v. Pritzker*, No. 20-738, 2020 WL 4582593, at *1–2 (S.D. Ill. Aug. 10, 2020) (sentenced prisoner's allegations that jail did not provide the "schooling[,] programs[,] activities and recreation" which would be available to him at IDOC, failed to identify atypical and significant hardship so as to state a due process claim.

This is so, as inmates do not have a constitutional entitlement in being assigned to a particular institution or to remain in the general population. *Holleman v. Zatecky*, 951 F.3d 873, 881 (7th Cir. 2020). It flows from this that housing a sentenced prisoner in a jail rather than a penitentiary does not state a colorable claim. "The Constitution does not prohibit states from confining convicted prisoners in a jail rather than a state prison. Once a prisoner has been convicted, "the initial decision to assign the convict to a particular institution is not subject to audit under the Due Process Clause." *Batchelder v. Donahue*, No. 07-313, 2007 WL 3256832, at *2–3 (N.D. Ind. Nov. 5, 2007), citing *Meachum v. Fano,* 427 U.S. 215, 224 (1976). Here, Plaintiff has failed to identify a constitutionally recognized liberty or property interest of which he was deprived, as a result, his due process claim fails. *See Domka v. Portage County*, 523 F.3d 776, 779–80 (7th Cir. 2008).

Plaintiff also asserts a Fourteenth Amendment Equal Protection violation but does not claim that he was treated differently from other similarly situated individuals or that he was singled out for unfair treatment. *Abcarian v. McDonald,* 617 F.3d 931, 938 (7th Cir.2010), "The

4

Equal Protection Clause of the Fourteenth Amendment most typically reaches state action that treats a person poorly because of the person's race or other suspect classification. "Prisoner' is not a suspect class…" *Most*, 2020 WL 4582593 at *2. Plaintiff might otherwise have asserted a class-of-one claim, that he was singled out arbitrarily, without rational basis, for unfair treatment. *Abcarian,* 617 F.3d at 938. Plaintiff has made no such allegations here, and the allegations he has made fail to state a claim. *See Batchelder*, 2007 WL 3256832, at *2–3, "[t]hat [plaintiff] may not have the same opportunities and amenities at the Porter County Jail that he might have at another penal facility states no equal protection claim; *Most*, 2020 WL 4582593 at *2.

**IT IS THEREFORE ORDERED:**

1.     Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have an opportunity, within 30 days to replead his conditions of confinement and equal protection claims with more particularity. The pleading is to be captioned Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. The due process claim is DISMISSED.

2.     Plaintiff files [4], a motion for recruitment of *pro bono* counsel but does not indicate that he attempted to secure counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). [4] is DENIED at this time. In the event that Plaintiff renews his motion for appointment of counsel, he is to provide copies of the letters sent to, and received from, prospective counsel.

12/18/2020                                         s/Joe Billy McDade
ENTERED                                          JOE BILLY McDADE
                                          UNITED STATES DISTRICT JUDGE